AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ALEXANDER PARRA BORJA, CESAR AGUSTO OBIRNE PASTRANA, LUIS FERNANDO CONEO CAICEDO, EDGAR RODRIGUEZ SUAREZ<br><br>*Defendant(s)* | Case No. **8:22MJ1200JSS** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **March 1, 2022** in the county of **Hillsborough** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Anthony Reynolds, CGIS Special Agent
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d).

Date: 3/7/2022

City and state: Tampa, FL

*Judge's signature*

JULIE S. SNEED, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Anthony G. Reynolds, being duly sworn, deposes and states the following:

1. I have been a Special Agent with the Coast Guard Investigative Service ("CGIS") since 2008. I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator Training Program and numerous other training programs related to criminal investigations. I have been assigned as a Special Agent to the Operation Panama Express Strike Force since July 2020. Operation Panama Express is a Federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), United States Coast Guard ("USCG"), United States Attorney's Office (USAO) of the Middle District of Florida and CGIS. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2. As a CGIS Special Agent, I have participated in numerous criminal investigations of individuals who are in violation of laws and statutes of the United States and the United States Code of Federal Regulations. I have been employed by the United States Coast Guard ("USCG") for over 26 years. Prior to becoming a Special Agent with CGIS, I was a qualified USCG Boarding Officer for approximately

11 years assigned to various USCG law enforcement units. During these tours of duty, I conducted hundreds of maritime law enforcement boardings, including boardings of vessels suspected of maritime smuggling. As a Special Agent with CGIS, I have participated in numerous criminal investigations of individuals suspected of violating federal statutes and regulations.

### Statutory Authority

3. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

    a. Alexander **PARRA-BORJA,**

    b. Cesar Agusto **OBIRNE-PASTRANA,**

    c. Edgar **RODRIGUEZ-SUAREZ**; and

    d. Luis Fernando **CONEO-CAICEDO.**

all of whom are Colombian nationals, who knowingly and willfully conspired to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a),(b), and possessed with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Scheduled II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and 21 U.S.C § 960(b)(1)(B)(ii).

4. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked

on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

5.  The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

### Probable Cause

6.  On or about March 1, 2022, while on routine patrol in the Caribbean Sea, a Dutch DASH-8 Maritime Patrol Aircraft (MPA) located a target of interest (TOI), a 32-35-foot-long blue hull vessel with two outboard engines approximately 119NM south of Isla Beata, Dominican Republic, in approximate location 15-36N 070-58W. The vessel contained no indicia of nationality and was traveling on a northerly course at approximately 13 knots. US Coast Guard Cutter (CGG) DAUNTLESS diverted to the area to intercept. CGC DAUNTLESS launched their over the horizon boat (OTH) and helicopter CG6528. After unsuccessful attempts to stop the vessel with warning shots, the CG6528 employed disabling fire, which was effective in stopping the vessel in position 15-54.519N 071-01.857W. The OTH and boarding team arrived on scene and disembarked the 04 crew members of the TOI for officer safety and achieved positive control of the vessel (POSCON) in position 15-54.87N 071-02.78W. The boarding team recovered a package from the water in the vicinity of the vessel

containing a satellite phone in position 15-55.08N 071-02.16W.

In response to right of visit (ROV) questioning, Alexander **PARRA-BORJA** identified himself as the master of the vessel and claimed Colombian nationality for both himself and the vessel. The three other individuals on board were identified as Cesar Augusto **OBIRNE-PASTRANA**, Edgar **RODRIGUEZ-SUAREZ**, and Luis Fernando **CONEO-CAICEDO**, all of whom claimed Colombian nationality for themselves. The Coast Guard contacted the government of Colombia to verify the master's verbal claim of nationality for the vessel. Colombia responded that it could neither confirm nor deny the vessel's registry or nationality. Accordingly, the Coast Guard treated the subject vessel as a vessel without nationality, and therefore subject to U.S. jurisdiction.

The Coast Guard boarding team located 57 packages of suspected contraband onboard the vessel and conducted two narcotics identification kit (NIK) field tests, both of which were presumptively positive for cocaine. The Coast Guard seized all of the packages of suspected cocaine, which had a total at-sea weight of approximately 1,995 kilograms.

## Conclusion

7. Based on my training, experience, and knowledge of the investigation, I believe that there is probable cause to believe that the four defendants knowingly and willfully conspired with each other and other persons to possess with intent to distribute five kilograms or more of cocaine, and did in fact possess with intent to

4

distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503 and 70506, and Title 21, United States Code, Section 960(b)(1)(B)(ii), as described herein.

Anthony G. Reynolds
Special Agent
Coast Guard Investigative Service

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this __7__ day of March, 2022.

JULIE S. SNEED
United States Magistrate Judge

5